Filed 1/8/16  In re Mc. H. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

THREE

| | |
|---|---|
| In re MC.H., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,  Plaintiff and Respondent,  v.  M.H.,  Defendant and Appellant. | G052211  (Super. Ct. No. DP024979)  O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Dennis J. Keough, Judge.  Affirmed.

Michele Anne Cella, under appointment by the Court of Appeal, for Defendant and Appellant.

Leon J. Page, County Counsel, Karen L. Christensen and Aurelio Torre, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for Minor.

\*           \*           \*

INTRODUCTION

Mc.H., now 11 years old (the minor) was taken into protective custody because his younger brother, J.H., had suffered physical harm and had been starved by his mother, M.O. (mother). The juvenile court declared the minor, J.H, and two other siblings to be dependents of the juvenile court, and determined that it was in the children's best interests to be placed in the care and custody of the Orange County Social Services Agency (SSA). The minor's father, M.H. (father), appeals from the order removing the minor from father's custody and care. We affirm.

Substantial evidence supported the juvenile court's disposition order as to the minor. Father's use of drugs during the time in which J.H. was harmed by mother, and father's continuing drug use throughout the dependency period, created a substantial danger to the minor's health, safety, protection, and physical or emotional well-being.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

The minor and his three younger siblings (R.H., J.H., and Mi.H.) were taken into protective custody due to J.H.'s severe malnutrition and multiple injuries. The facts leading to the detention of the minor and his siblings are detailed in an unpublished opinion. (*Ma.H. v. Superior Court* (Aug. 27, 2015, G051997).)

Following a joint jurisdiction and disposition hearing, the juvenile court declared all four children to be dependents of the court, and denied mother and father reunification services as to R.H., J.H., and Mi.H.; reunification services were provided to

2

mother and father as to the minor only.  Both mother and father filed petitions for a writ of mandate; this court denied both petitions.  (*Ma.H. v. Superior Court*, *supra,* G051997.)

The juvenile court also found reasonable efforts had been made to prevent removal from the home (Welf. & Inst. Code, § 361, subd. (d)), and found by clear and convincing evidence that it would be detrimental for the children to remain in the custody and control of mother and father (*id.*, § 361, subd. (c)(1)).  Father filed a notice of appeal from the juvenile court's disposition order only with respect to the minor.[1]

DISCUSSION

We review the juvenile court's finding that the minor would suffer detriment if he remained in father's care for substantial evidence, bearing in mind the heightened burden of proof.  (*In re Kristin H.* (1996) 46 Cal.App.4th 1635, 1654.)

""""Parenting is a fundamental right, and accordingly, is disturbed only in extreme cases of persons acting in a fashion incompatible with parenthood."""" (*In re Basilio T.* (1992) 4 Cal.App.4th 155, 169.)  "[A]t the beginning of the dependency proceedings, our statutory scheme expresses a presumption in favor of keeping parents and children together.  The burden of proof is on the Department to show that an out-of-home placement is necessary at the commencement of the proceedings [citation] . . . ." (*In re Jasmon O.* (1994) 8 Cal.4th 398, 420.)  "Before a dispositional order which awards custody to a nonparent without the consent of the parents can be rendered, there must be a clear and convincing showing an award to the parents would be detrimental to the child and that an award of custody to a nonparent is *essential* to avert harm to the child and *required to serve the best interests of the child*." (*In re Jamie M.* (1982) 134 Cal.App.3d 530, 535.)

---

[1]  The minor's siblings are not involved in this appeal, and will be mentioned only as is relevant to the issues raised by this appeal.

"A dependent child shall not be taken from the physical custody of his or her parents or guardian or guardians with whom the child resides at the time the petition was initiated, unless the juvenile court finds clear and convincing evidence of any of the following circumstances . . . : [¶] (1) There is or would be a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor if the minor were returned home, and there are no reasonable means by which the minor's physical health can be protected without removing the minor from the minor's parent's or guardian's physical custody. . . . The court shall consider, as a reasonable means to protect the minor, each of the following: [¶] (A) The option of removing an offending parent or guardian from the home. [¶] (B) Allowing a nonoffending parent or guardian to retain physical custody as long as that parent or guardian presents a plan acceptable to the court demonstrating that he or she will be able to protect the child from future harm." (Welf. & Inst. Code, § 361, subd. (c)(1).)

Father contends there was not substantial evidence that the minor would suffer detriment in father's care because father had not committed any acts of abuse against any of the children, the minor had not been the direct victim of any abuse, and there was no causal connection between father's drug use and the risk of harm to the minor.

*In re Hailey T.* (2012) 212 Cal.App.4th 139 is not on all fours with this case, but it is instructive. The parents' four-month-old son was diagnosed with a subconjunctival hemorrhage to the right eye, which had been caused nonaccidentally. (*Id.* at p. 142.) A child abuse specialist opined that the parents' three-year-old daughter could not have inflicted the injury on her younger brother, and that the parents had struck or strangled their son. (*Id.* at pp. 142, 144.) The juvenile court declared both children to be dependents of the court, and removed them from the parents' custody and control. (*Id.* at p. 145.)

4

The appellate court reversed the disposition order as to the three-year-old daughter, concluding, "the record does not support findings that there was a substantial danger to [the daughter] if she were returned home or that there were no less drastic alternatives than removal for protecting her." (*In re Hailey T.*, *supra*, 212 Cal.App.4th at p. 147.) The court noted that the daughter had not suffered any abuse, and had not suffered any harm as a result of the abuse committed against her younger brother. (*Ibid.*) The court also noted that the daughter was four years old, would be able to articulate allegations of abuse against her, and attended school, meaning that she had regular contact with mandated reporters of abuse. (*Ibid.*) On these points, the present case is identical to *In re Hailey T.*

The cases differ in terms of the parents' personal situations. In *In re Hailey T.*, *supra*, 212 Cal.App.4th at page 147, the parents had a "healthy relationship" that was free from domestic violence. Neither suffered from substance abuse or mental health problems. (*Ibid.*) The parents began participating in reunification services early in the dependency process, and had made progress. (*Id.* at pp. 147-148.) In the present case, father had separated from mother shortly after the inception of the dependency proceedings. He suffered from substance abuse (as described *post*), although he had no diagnosed mental health issues. Father had made little progress in reunification services, although the cause for that failure was the subject of dispute.

SSA argues, in part, that the minor would suffer detriment if he remained in father's care because father had admittedly never had primary responsibility for raising his children. Courts have previously held that "poverty alone, even abject poverty resulting in homelessness, is not a valid basis for assertion of juvenile court jurisdiction." (*In re G.S.R.* (2008) 159 Cal.App.4th 1202, 1212; see *In re P.C.* (2008) 165 Cal.App.4th 98, 104.) Similarly, a parent's attempt to keep his or her family out of poverty by working multiple jobs, and therefore not being the primary caretaker of young children, cannot justify the assertion of custody over those children.

The proof of drug use by a parent, without more, cannot justify removal at disposition. (*In re Drake M.* (2012) 211 Cal.App.4th 754, 769; *In re Rebecca C.* (2014) 228 Cal.App.4th 720, 728.) In the present case, however, SSA established, by clear and convincing evidence, that father's drug use created a substantial risk of harm to the minor. During the predependency period, when J.H. was losing a significant amount of weight, father was arrested for possession of a methamphetamine pipe. When the arresting officer requested father's consent to search him, father told the officer that he might have methamphetamine on him. When father was later interviewed by SSA regarding the allegations in the juvenile dependency petition, he claimed the pipe belonged to his friend. Father admitted he had smoked methamphetamine "on prior occasions" and with his friend "a couple of times only when the friend asked him." Father admitted he had last smoked methamphetamine a "couple of days" before his arrest. Father denied ever having used drugs around his children.

Between the inception of the dependency proceedings and the court's disposition ruling, father's drug testing record was abysmal. From July 2014 through December 2014, father had no negative test results, two positive test results, and more than 30 missed tests.[2] In December 2014, father began testing using a drug patch. In four tests, three were positive and one was negative.

In sum, there was substantial evidence that father was using methamphetamine during the period in which mother was causing physical harm to J.H., and that father continued to use methamphetamine between the time the children were detained and the time the juvenile court issued its disposition order. That J.H. was harmed by mother during a time when father was admittedly using methamphetamine

---

[2] After the first set of missed tests, father claimed that his testing group had not been called; SSA noted that father's testing group had been changed during that time period. Even if the juvenile court were to overlook father's eight missed tests during that period because of the change in testing groups, the remainder of his missed tests occurred after that time, and father provides no explanation for his further missed tests.

6

was a sufficient causal connection between father's continued drug use and the risk of harm to the minor if he were returned to father's care.

DISPOSITION

The order is affirmed.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.